[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter came to trial before the court sitting without a jury on plaintiff's prayer for injunction against defendant and for damages. Plaintiff Reginald Campbell, a riparian landowner possessing 300 feet of frontage on Stafford Pond in Tiverton, Rhode Island, seeks to permanently enjoin defendant Stone Bridge Fire District, a fellow riparian landowner on Stafford Pond, from removing or adding planks to a dam that controls the water level in the pond, and from removing water from the pond. Plaintiff also seeks damages for the flooding of his land and a percentage of defendant's proceeds derived from defendant's sale of the pond water.
Plaintiff has owned his parcel of land on Stafford Pond since 1952. The spring fed pond, which has six miles of land frontage, is located entirely in Tiverton, Rhode Island, and overflows into Sucker Brook, situated partly in Tiverton and partly in Fall River, Massachusetts, and ultimately into the ocean. A dam which separates the pond from the brook, is maintained by the City of Fall River.
Defendant is a quasi municipal, non-profit corporation formed by a special act of the Rhode Island General Assembly in 1948. Since 1948 defendant has distributed water to the towns of Tiverton and Portsmouth. Also in 1948, defendant entered into an agreement with the City of Fall River enabling defendant to remove 250,000 gallons of water a day from the pond. This amount has increased steadily. In 1980 a new plant was constructed by defendant to meet the increasing demand for water, and in 1990 the original agreement was amended to allow defendant to pump up to 1.9 million gallons a day from the pond.
In 1984 and on several prior occasions, plaintiff's land was flooded. He would return from his winters in Florida to find much of his yard under water. As he attributed the flooding to defendant's negligent or intentional actions, Campbell brought this suit seeking injunctive relief restraining and enjoining defendant from 1) tampering with the dam and 2) removing water from Stafford Pond. For the reasons set forth below, this court finds for the defendant.
This court will first address plaintiff's prayer for injunctive relief. Before issuing an injunction, this court must survey the facts and apply the traditional tests for equitable relief. This involves evaluating the merits, balancing the equities, weighing the hardships of either side, and examining the practicality of imposing the desired relief. R.I. Turnpike Bridge Authority v. Cohen, 433 A.2d 179 (R.I. 1981). In addition, the complaining party must show that any legal remedy would be inadequate; in other words, that irreparable injury would result if the injunction failed to issue. Id. at 182. Mindful of this standard, the court finds that Campbell has failed to demonstrate that he will sustain irreparable injury if the injunction is not granted.
The first act that plaintiff seeks to enjoin is defendant's placing and removing planks from the dam between Stafford Pond and Sucker Brook. Plaintiff testified that when his land would flood, he would call the City of Fall River and the water would then recede. While two longtime officers of defendant testified that neither they nor any other persons associated with defendant inserted or removed planks at the dam, plaintiff testified that in 1984 he had seen defendant's truck parked on a public road near the dam between a time that a plank was pulled out and put back in. The officers explained that their job was to merely monitor the water level and to inform the city if it was either too high or low. As this was the only evidence offered in reference to defendant's control over the planks, this court finds that plaintiff has failed to prove that defendant ever removed or inserted planks into the dam. Therefore, plaintiff has clearly failed to show that irreparable injury would result if the injunction failed to issue. Accordingly, the injunction barring defendant from removing or inserting planks into the dam is denied.
Moreover, an injunction barring defendant from removing water from the pond would be improper as plaintiff has failed to demonstrate the likelihood of irreparable injury if defendant is not forced to stop removing water from the pond. The court acknowledges that a riparian land owner may obtain an injunction against wrongful diversion of water for the public water supply by a municipal corporation or a water district. "Such injunctive relief has been denied, however, where the land owner did not sustain any damage or where the damages were merely nominal, . . . ." 78 Am Jur.2d, Waterworks and Water Companies, § 28. In fact, the only injury that plaintiff complains of is that which resulted from there being too much water in the pond. Plaintiff's flooding was not caused by defendant's water removal. In the absence of a showing of harm caused by the water removal, the injunction will not issue. Here, the court notes such an absence of harm and accordingly denies issuance of the injunction. Furthermore, even if the court were to find such an injury, Plaintiff's standing by and watching defendant erect water works, to plaintiff's injury, "creates an equitable estoppel and [plaintiff] will not be protected by injunction. . . ." 78 Am.Jur.2d, Waterworks and Water Companies, § 30.
Having denied plaintiff's prayer for injunction, the court now turns to plaintiff's demand for damages. Again, the court notes that the plaintiff failed to sustain his burden of proving that defendant caused the harm for which plaintiff seeks damages — the flooding. Plaintiff did not establish that defendant controlled the dam or that defendant caused the water level to rise to the flood level. Therefore, no causal link was determined to exist between defendant's acts and plaintiff's harm, and the court need not entertain plaintiff's request for damages.
Lastly, the court must decide whether plaintiff, is entitled to a share of defendant's proceeds derived from defendant's sale of the water. Plaintiff asserts this right as a fellow riparian land owner. Both parties agree that the "American Rule" or the "Rule of reasonable use" should be applied. This law basically states that the riparian owners may use the water for any reasonable use unless other riparian owners' use is unreasonably interfered with as a result. The Law of Modern Property,Cunningham, et als, Chapt. 7.4, pp. 422-23. A use's reasonableness is determined by several factors such as social value, economic value to the community and to the owners and how much the use impinges on other riparian owners. Plaintiff argues that defendant's use of the pond water impinges on his use and that profit sharing is an incident of plaintiff's impinged upon riparian ownership. The court notes that defendant is a non-profit corporation that provides water for fire fighting and for consumption in surrounding communities. As such, the court deems defendant's use reasonable. The use does not impinge upon plaintiff's use of the water. In fact, plaintiff does pump water for his own use without demonstrated impairment. As plaintiff has failed to show special damages, he is not entitled to any of defendant's revenues.
This court finds that the record does not reflect sufficient evidence to sustain a finding of irreparable harm to plaintiff, nor does it support plaintiff's demand for either damages or a portion of defendant's proceeds. Therefore, plaintiff's prayer for injunctive relief is hereby denied, his demand for damages is denied, and his demand for proceeds is denied.
Counsel will prepare an appropriate order.